**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001129
27-MAY-2015
09:48 AM**

NO. CAAP-14-0001129


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


GERRIE-LU I. WAIKIKI-MADEYSKI,
Claimant/Appellant/Appellant,
v.
EAN HOLDINGS, LLC,
Employer/Appellee/Appellee,
and
FIDELITY GUARANTY INSURANCE/YORK RISK SERVICES GROUP,
Insurance Carrier/Appellee/Appellee

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(AB NO. 2013-161(H)) (CASE NO. 1-12-00297)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of the record, it appears that Claimant/
Appellant/Appellant Gerrie Lu I. Waikiki-Madeyski's (Appellant
Waikiki-Madeyski) appeal from the Labor and Industrial Relations
Appeals Board's (the LIRAB)

- June 19, 2014 decision and order, and

- August 18, 2014 order denying Appellant Waikiki-
  Madeyski's motion for reconsideration of the
  June 19, 2014 decision and order

is untimely under Hawaii Revised Statutes (HRS) § 386-88 (Supp. 2014)[1] and Hawaiʻi Administrative Rules (HAR)§ 12-47-53 (1994), and, thus, we lack appellate jurisdiction over appellate court case number CAAP-14-0001129.

Pursuant to HRS § 386-88 and HRS § 91-14(a) (1993 & Supp. 2014), an aggrieved party may appeal from a final decision and order by the LIRAB directly to the Hawaiʻi Intermediate Court of Appeals:

> The appeal of a decision or order of the LIRAB is governed by HRS § 91-14(a), the statute authorizing appeals in administrative agency cases. HRS § 91-14(a) authorizes judicial review of a final decision and order in a contested case or a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief. For purposes of HRS § 91-14(a), we have defined "final order" to mean an order ending the proceedings, leaving nothing further to be accomplished. . . . Consequently, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action.

Bocalbos v. Kapiolani Medical Center for Women and Children, 89 Hawaiʻi 436, 439, 974 P.2d 1026, 1029 (1999) (citations and some internal quotation marks omitted). The Supreme Court of Hawaiʻi has "held that an order that finally adjudicates a benefit or penalty under the worker's compensation law is an appealable final order under HRS § 91-14(a), although other issues remain." Lindinha v. Hilo Coast Processing Co., 104 Hawaiʻi 164, 168, 86 P.3d 973, 977 (2004) (citation omitted) (emphasis added). The LIRAB's June 19, 2014 decision and order was immediately appealable pursuant to HRS § 386-88 and HRS § 91-14(a).

---

[1] "The decision or order of the appellate board shall be final and conclusive, except as provided in section 386-89, unless within thirty days after mailing of a certified copy of the decision or order, the director or any other party appeals to the intermediate appellate court, subject to chapter 602, by filing a written notice of appeal with the appellate board, or by electronically filing a notice of appeal in accordance with the Hawaii rules of appellate procedure." HRS § 386-88 (Supp. 2014) (in relevant part).

Pursuant to HAR § 12-47-53,[2] Appellant Waikiki-Madeyski extended the thirty-day time period under HRS § 386-88 for filing a notice of appeal from the June 19, 2014 decision and order when Appellant Waikiki-Madeyski timely filed her July 16, 2014 motion for reconsideration within thirty days after the mailing of the June 19, 2014 decision and order.

On August 18, 2014, the LIRAB entered an order denying Appellant Waikiki-Madeyski's July 16, 2014 motion for reconsideration. Where, as here, the LIRAB denies an HAR § 12-47-53 motion for reconsideration, the thirty-day time period "to initiate judicial review shall run from the <u>date of mailing the denial decision</u>." HAR § 12-47-53 (emphasis added).[3] The thirty-day time period after the August 18, 2014 mailing of the

---

[2] Hawai'i Administrative Rules (HAR) § 12-47-53 (1994) provides:

§ 12-47-53. Reconsideration or reopening of decision or order.
   (a) In the absence of an appeal and <u>within thirty days after mailing of a copy of the board's decision or order, the board may, upon the request of any party, or upon its own motion, reconsider or reopen the matter</u>. If reopening is allowed, the board may take further evidence or may modify its decision or order. The time to initiate judicial review shall run from the date of mailing of the further decision if the matter has been reconsidered or reopened. <u>If the request for reconsideration or reopening is denied, the time to initiate judicial review shall run from the date of mailing the denial decision</u>.
   (b) The request for reconsideration or reopening shall be in writing and shall be served upon all parties. The request shall specify the reasons why reconsideration or reopening is warranted.
   (c) A hearing on the request for reconsideration or reopening may be held at the board's discretion.

(Emphases added).

[3] Although court procedural rules such as Rule 6(e) of the Hawai'i Rules of Civil Procedure and Rule 26(c) of the Hawai'i Rules of Appellate Procedure add two days to a prescribed time period whenever the time period is measured from service by mail, the governing procedural rules for LIRAB matters, HAR § 12-47-18 (1994), HAR § 12-47-19 (1994), and HAR § 12-47-51 (1994), do <u>not</u> add two days to the prescribed time period for service by mail.

-3-

August 18, 2014 order denying Appellant Waikiki-Madeyski's July 16, 2014 motion for reconsideration expired on Wednesday, September 17, 2014. Appellant Waikiki-Madeyski did not file her notice of appeal until September 18, 2014, one day after the extended thirty-day time period under HAR § 12-47-53 had already expired. See HAR § 12-47-12 (1994) ("The file stamped date on the document shall be regarded as the date of filing."). Therefore, Appellant Waikiki-Madeyski's appeal is untimely. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986). Absent a timely appeal, we lack appellate jurisdiction.

Accordingly, IT IS HEREBY ORDERED that appellate court case number CAAP-14-0001129 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, May 27, 2015.

Presiding Judge

Associate Judge

Associate Judge

-4-